**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

CHRISTOPHER RUSH,

       Plaintiff,

v.                                 Case No. 2:20-cv-00636

AN UNKNOWN NUMBER OF UNKNOWN NAMED STAFF
and PRIMECARE MEDICAL, INC.,

       Defendant.

**AMENDED PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  On May 19, 2023, the undersigned filed a Proposed Findings and Recommendation ("initial PF&R") (ECF No. 10) that contained a typographical or clerical error recommending that a motion to dismiss filed in another civil action previously filed by this same Plaintiff be granted.[1]  Due to this clerical error, the undersigned hereby **WITHDRAWS** the initial PF&R and submits this Amended Proposed Findings and Recommendation in its place.

*I.  RELEVANT PROCEDURAL HISTORY*

This matter is pending on Plaintiff's initial complaint (ECF No. 1) concerning his conditions of confinement at the South Central Regional Jail ("SCRJ") which

---

[1] The motion in question was filed in *Rush v. Bryant*, Case No. 2:18-cv-00364, ECF No. 71.  That motion was previously granted, and that civil action was dismissed on September 21, 2021 by the Honorable Thomas E. Johnston, Chief United States District Judge.

insufficiently identifies the defendants Plaintiff is seeking to sue. The undersigned conducted a telephonic status conference with the Plaintiff on July 14, 2021, to attempt to clarify Plaintiff's claims and the defendants herein. At that time, Plaintiff advised the undersigned that he had been released from prison to his term of federal supervised release and was living in an apartment in Dunbar, West Virginia. However, his address on the docket sheet was still listed as the Dismas Charities halfway house in St. Albans, West Virginia.

At the conclusion of the status conference, Plaintiff was directed to determine what information he possessed or that he had sent to his family and what other specific information he might need to identify the defendants he wished to sue so that the court could potentially issue subpoenas for such information before requiring Plaintiff to amend his complaint. Thereafter, however, the court had no further communication from Plaintiff and believed that his whereabouts were not known.

On April 18, 2023, however, the Honorable John T. Copenhaver, Jr., Senior United States District Judge, received a letter-form motion for early termination of Plaintiff's supervised release in his criminal case. The envelope in which the motion was contained indicates that Plaintiff is now apparently residing at 5513 Raven Drive, Charleston, WV 25306, an address different than that last provided by Plaintiff in this civil action. Thus, Plaintiff had not updated the Clerk's Office with his current address in this civil case as required by Local Rule 83.5 of the Local Rules of Civil Procedure for the Southern District of West Virginia. Plaintiff was previously warned that the failure to update his contact information could result in the dismissal of this civil action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 7).

In accordance with Local Rule of Civil Procedure 41.1, on April 25, 2023, the undersigned ordered Plaintiff to respond in writing by May 9, 2023 to advise the court of his intent to further pursue this matter and to show cause why this civil action should not be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Plaintiff was further notified that, at that time, this civil action will be dismissed unless good cause for its retention on the docket is shown. Plaintiff has failed to so respond to the court.

## II.    DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). In determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Plaintiff was previously advised of his obligation to notify the court and Defendant of any changes to his contact information, as required by Local Rule of Civil Procedure

3

83.5 (ECF No. 7), and he was obviously aware of that obligation when he provided his address at the July 14, 2021 status conference.  However, thereafter, Plaintiff failed to again so update the court or otherwise communicate with the court or further participate in this matter and, more significantly, he failed to comply with the undersigned's April 25, 2023 Order to Show Cause, which expressly warned him of the recommended dismissal of this matter if he failed to show good cause for its retention.

Considering Plaintiff's failure to show good cause for the continued prosecution of this matter, as ordered by the court, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff has failed to prosecute this civil action and that dismissal thereof is the appropriate sanction.

## III.    *RECOMMENDATION*

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made,

and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff at his last known address.

June 7, 2023

Dwane L. Tinsley
United States Magistrate Judge